|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00683-JLS-ADS                                           Date: April 06, 2021
Title: Kenneth Munoz et al v. Pauline Wong et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING UNOPPOSED MOTION TO APPROVE THE SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS (DOC. 47), AND AUTHORIZING DISTIRBUTION OF FUNDS**

     Before the Court is an Unopposed Motion for Approval of Settlement and Compromise of Minors' Claims filed by Plaintiffs Kenneth Munoz, Marina Munoz, and both of them on behalf of their four minor children ("Minor Plaintiffs").  (Mot., Doc. 47.)  Having taken the matter under submission, and for the reasons below, the Court GRANTS the Motion, and AUTHORIZES distribution of the settlement funds and creation of accounts for the Minor Plaintiffs as set forth below.

     "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).[1]  The Ninth Circuit's *Robidoux* decision instructs district courts to "limit the scope of their review" of settlements involving minor plaintiffs "to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1179, 1181-82.  "If the net recovery of each minor plaintiff under the proposed settlement

---

     [1] *Robidoux* did not express a view on the proper approach for a federal court to use when sitting in diversity, but it did apply, on its face, to settlements "involving" federal claims.  As the Court discussed in its previous order, here, the settlement at issue "involves" federal claims and the *Robidoux* framework is appropriate.  (Order, Doc. 54, at 2.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00683-JLS-ADS | Date: April 06, 2021 |
| Title: Kenneth Munoz et al v. Pauline Wong et al | |

is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Id.* at 1182.

Plaintiffs filed this action on April 10, 2019, alleging that conditions present in the property they leased from Defendants violated the Federal Fair Housing Act ("FHA") and various state laws. (*See* Compl., Doc. 1.) On November 5, 2020, the parties filed a notice of settlement. (Doc. 45.) Plaintiffs thereafter filed the present Motion (Doc. 47) and filed under seal an Agreement reflecting the gross settlement amount and the net settlement amount to be awarded to each Minor Plaintiff (Doc. 56). Neither the sealed Agreement nor Plaintiffs' Motion explained how the parties arrived at the settlement amount apportioned to each Minor Plaintiff. Nor did those filings explain how the parties valued the claims of the Adult Plaintiffs as opposed to the Minor Plaintiffs. The Court therefore lacked enough information to determine whether the net amount awarded to each Minor Plaintiff was fair and reasonable, and ordered supplemental briefing, which Plaintiffs timely provided. (Order, Doc. 54; Supp. Brief, Doc. 57.)

Having reviewed Plaintiffs' submission, the Court is satisfied that the net settlement awarded to each of the four Minor Plaintiffs is fair, reasonable, and in each Minor Plaintiff's best interest.

In its order for supplemental briefing, the Court noted that Plaintiffs failed to explain how the parties arrived at the distribution of the settlement between the two Adult Plaintiffs and the four Minor Plaintiffs, and stated that it was therefore unable to ascertain how the parties valued the Minor Plaintiffs' claims. (Order at 3.) Plaintiffs' supplemental brief states that the Adult Plaintiffs were apportioned 86.68% of the net recovery because they experienced the brunt of the discrimination and emotional distress arising from Defendants' alleged wrongful conduct. (Supp. Brief at 6-7.) Indeed, the Complaint's FHA claim is based on Defendants' failure to accommodate Plaintiff Marina Munoz, whose high-risk pregnancy qualified her as a protected person under the FHA. (Compl. ¶¶ 57-66.) Moreover, Plaintiffs were never fully able to move into the rental property and Plaintiff Kenneth Munoz was the only person to sleep there. (*Id.* ¶ 26.) The Adult Plaintiffs also incurred economic damages and out of pocket of expenses, including $1,000 in lost wages; $26,036.77 in non-medical expenses (*i.e.*, cost of moving, unreturned first month's rent, price differential of new rent); $3,533.49 in medical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00683-JLS-ADS                                             Date: April 06, 2021
Title: Kenneth Munoz et al v. Pauline Wong et al

expenses for the Adult Plaintiffs, which were not covered by insurance; and $34,480.17 in medical expenses for three of the Minor Plaintiffs ("the Triplets"), which were not covered by insurance. (Supp. Brief at 8-9.) As discussed below, the alleged harms suffered by the Minor Plaintiffs were limited to possible medical damages that Minor Plaintiffs XM, YM, and ZM suffered, and stress and anxiety that Minor Plaintiff KM suffered. (Supp. Brief at 10; Munoz Decl., Doc. 47-2, ¶¶ 6-7.) Although Plaintiffs have not set forth a claim-specific rationale for the distribution of the settlement, the Court is satisfied that the net settlement apportioned to each Minor Plaintiff is reasonable in light of the facts of the case. *Accord Allison v. Gramercy YZE, LLC*, No. CV 14- 00862 MWF(RZX), 2014 WL 12569372, at *3 (C.D. Cal. Dec. 9, 2014)(approving a settlement involving minors' claims even though "the terms of the settlement outlined in the Motion [were] not claim-specific").

      The Court also noted in its previous order that Plaintiffs did not offer their rationale for the identical apportionment of the settlement award between the four Minor Plaintiffs. In their supplemental brief, Plaintiffs explain that the Minor Plaintiffs were apportioned identical amounts because they were all exposed to the same set of circumstances: Defendants' alleged failure to provide reasonable accommodations after the discovery of the dangerous microbials in Plaintiffs' rental home. (Supp. Brief at 11.) Minor Plaintiff KM was two years old, and experienced stress and anxiety as a result of Defendants' allegedly wrongful conduct. (Munoz Decl. ¶ 7.) Minor Plaintiffs, XM, YM, and ZM ("the Triplets") were in utero at the time of the alleged wrongful conduct. They were born premature, spent approximately forty (45) days in the neonatal incubation, experienced brain and behavior developmental issues, and had breathing complications. (*Id.* ¶ 6.) Given that the exact causal link between Defendants' conduct and the Triplets' medical damages is uncertain (Supp Brief at 11-12), the Court finds the equal apportionment between the four Minor Plaintiffs adequately takes into account that Minor Plaintiff KM experienced the emotional effects of the allegedly wrongful conduct firsthand while the Triplets may have suffered serious medical conditions while in utero.

      In response to the Court's concern about the details of the trusts for the Minor Plaintiffs, the supplemental brief attaches a declaration by Plaintiff Kenneth Munoz testifying that "[he] met with [his] local Wells Fargo Branch and discussed setting up Interest-Bearing, Blocked Accounts for each of [] the Minor Plaintiffs," and "was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00683-JLS-ADS                                        Date: April 06, 2021
Title: Kenneth Munoz et al v. Pauline Wong et al

informed that Wells Fargo needs a Court Order to set up these accounts." (Munoz Supp. Decl., Doc. 57-2, ¶ 7.)  Plaintiffs' supplemental brief fails to explicitly address the Court's questions about who will bear the costs, if any, of setting up the accounts, but Plaintiffs have elsewhere represented that attorneys' fees will be paid out of the gross settlement amount, not the Minor Plaintiffs' award. (Mot. at 25-26; Supp. Brief at 5). That assertion, in combination with Plaintiff Kenneth Munoz's representation that he will be setting up the accounts, assures the Court that no hidden attorney fees will be subtracted from the Minor Plaintiffs' net recovery in association with setting up the accounts.

   Finally, the Court's order advised Plaintiffs to discuss case law in support of the reasonableness of the settlement amount apportioned to the Minor Plaintiffs.  Having reviewed, under seal, the sum apportioned to each Minor Plaintiff (*see* Doc. 56), the Court finds the apportionment to be in line with the recovery approved for minor plaintiffs in other housing actions.  *See Allison v. Gramercy YZE, LLC*, 2014 WL 12569372, at *1 (C.D. Cal. Dec. 9, 2014) (approving compromise of the claims of minor plaintiffs in the amount of $1,000 each); *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 3:20-CV-00224 GPC-AHG, 2020 WL 5810168, at *2 (S.D. Cal. Sept. 30, 2020) (approving a settlement that awarded $35,100 to one minor plaintiff and $2,025 to the other).

   For the foregoing reasons, the Court GRANTS Plaintiffs' Motion, and authorizes distribution of the settlement amount as set forth in the Agreement (Doc. 56) and creation of interest-bearing, blocked accounts for each Minor Plaintiff.  Plaintiffs shall file a proposed judgment within **ten (10) days** of this Order's issuance.

                                                                Initials of Deputy Clerk: mku